## COMMONWEALTH *vs.* MATTHEW MORIHAN.

An officer's custody of a prisoner whom he has arrested upon a warrant and brought before a court for trial does not cease until the prisoner has been discharged, or a warrant of commitment made out.

Informality in a complaint or in a sentence which has been orally pronounced affords no justification to one who has forcibly aided a prisoner held upon a valid warrant to escape.

INDICTMENT charging that the defendant forcibly aided William Reagan, who was held in the custody of Benjamin A. Jourdan, a constable of the town of Upton, by virtue of a warrant from a magistrate upon a charge of being a common seller of intoxicating liquors, to escape.

At the trial in the superior court, before *Ames*, J., it appeared that Reagan was arrested by Jourdan upon a warrant, as above set forth, and brought before a trial justice, and at his request the trial was postponed for two days and he was released on bail, and at the time appointed was surrendered by his bail, and found guilty upon the trial, and sentence orally pronounced upon him ; and before any further proceedings, the present defendant untied a horse which had been driven by Reagan to the magistrate's house, where the trial was had, and got into the sleigh which was attached to the horse, and Reagan rushed out and got into the sleigh with the defendant and they drove off together.

The defendant contended that upon this evidence Reagan was not held upon the warrant, as alleged, at the time of the escape, but was held under the sentence; and also that the complaint was informal, and the sentence void, for reasons not necessary to be stated here in detail. The judge ruled that Reagan was lawfully in Jourdan's custody under and by virtue of the original warrant, and that the evidence was sufficient to authorize a conviction. The jury returned a verdict of guilty and the defendant alleged exceptions.

*G. F. Verry*, for the defendant.

*Foster*, A. G., for the Commonwealth.

DEWEY, J. 1. There is no sufficient ground for sustaining the exception to the ruling of the court that, at the time of the alleged escape, Reagan was lawfully and rightfully in the custody of the constable, under and by virtue of the original warrant, as set forth in the indictment. The evidence shows that the party was duly arrested thereon and brought before the magistrate for trial; that the trial was postponed for two days, at which time the party again appeared and was surrendered for trial, and further proceedings; and although a judgment had been pronounced in the case orally, the party had not been committed in pursuance thereof, but was still in the custody of the constable who had arrested him on the warrant, and had been in attendance as the sole officer having care of the prisoner. Being thus in fact in custody of the constable under no other

process superseding the warrant, it was sufficient to charge the prisoner as in custody of the constable by virtue of the warrant. To hold that the custody of the prisoner by the constable by virtue of the warrant ceases at the moment the party is brought before the justice on such warrant, would leave the prisoner at large without any keeper. In practice, the constable or other officer arresting a party upon a warrant returnable before a justice of the peace has always been understood to be his keeper by virtue of the original warrant, until he is discharged by the court, or some new warrant for commitment is made and delivered to him by the justice. It is certainly his only written authority for holding the prisoner, prior to such warrant for commitment to jail.

2. The supposed informality in the complaint, and in the sentence as orally announced, but under which no commitment had taken place, if it exists, furnishes no justification to the defendant for aiding and assisting Reagan to escape from the custody of the constable. Objections of that character are to be taken in some other form than by a forcible escape from the custody of the officer. Further; the warrant under which the party was arrested and detained was unexceptionable in its form. *Exceptions overruled.*